UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANTE H. PATTISON, | Case No. 3:22-cv-00537-ART-CSD |
| Plaintiff, | ORDER |
| v. | |
| JOE LOMBARDO, et al., | |
| Defendants. | |

## I.   DISCUSSION

On February 3, 2023, the Court issued a screening order dismissing the complaint in its entirety without prejudice and with leave to amend for Plaintiff to submit an amended complaint that complies with the Federal Rules of Civil Procedure. (ECF No. 6 at 6-7). Plaintiff's complaint was 63 pages long, included 200 pages of exhibits, named 50 defendants, and asserted 8 claims that concerned a range of misconduct from 2015 through the present.  (ECF Nos. 6-2, 6-3, 6-4). The Court granted Plaintiff's motion for an extension of time to file an amended complaint.  (ECF Nos. 8, 9).

Later, Plaintiff filed a motion for relief from the screening order (ECF No. 10), a motion for the court to screen his complaint (ECF No. 11), and a motion for appointment of pro bono counsel (ECF No. 12).   The first two motions essentially ask the Court to reconsider its screening order and ask the Court to screen his original complaint as drafted. (ECF Nos. 10, 11).  Plaintiff argues that the Court is mandated by statute to screen his complaint.  (*Id.*)  Plaintiff asserts that the only solution is to appoint him pro bono counsel to make this "extremely complex case go away quickly."  (ECF No. 12 at 9).

The Court will address the two motions for reconsideration (ECF Nos. 10, 11) and then the motion for appointment of counsel (ECF No. 12).

### A.   Motions for Reconsideration

A motion to reconsider must set forth "some valid reason why the court

1

1   should reconsider its prior decision" and set "forth facts or law of a strongly

2   convincing nature to persuade the court to reverse its prior decision." *Frasure v.*

3   *United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).  Reconsideration is

4   appropriate if this Court "(1) is presented with newly discovered evidence,

5   (2) committed clear error or the initial decision was manifestly unjust, or (3) if

6   there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands,*

7   *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "A motion for reconsideration is not an

8   avenue to re-litigate the same issues and arguments upon which the court

9   already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D.

10  Nev. 2005).

11      Although the Court recognizes its duty to screen cases under 28 U.S.C. §

12  1915A(a), it is Plaintiff's duty to follow the Federal Rules of Civil Procedure and

13  submit a complaint that complies with those rules.  Because Plaintiff's complaint

14  does not comply with the Federal Rules of Civil Procedure, as discussed in the

15  original screening order, Plaintiff has not submitted a valid complaint that is

16  subject to screening under § 1915A.  Thus, the Court did not commit clear error

17  in its original screening order and the Court denies Plaintiff's motions for

18  reconsideration (ECF Nos. 10, 11).

19      **B.      Motion for Appointment of Counsel**

20      Plaintiff has filed a motion for appointment of counsel because he believes

21  his claims will ultimately survive screening.  (ECF No. 12 at 9). He further asserts

22  that his deliberate fabrication of evidence, RICO act violations, judicial deception,

23  fraud on the court, attorney crime/fraud, and privilege doctrine claims are too

24  complex for him to understand.  (*Id.* at 10-11).  A litigant does not have a

25  constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights

26  claims.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  Pursuant to

27  28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any

28  person unable to afford counsel."  However, the court will appoint counsel for

1    indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560

2    F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).  "When determining whether

3    'exceptional circumstances' exist, a court must consider 'the likelihood of success

4    on the merits as well as the ability of the petitioner to articulate his claims *pro se*

5    in light of the complexity of the legal issues involved." *Id.*  "Neither of these

6    considerations is dispositive and instead must be viewed together." *Id.*

7         In the instant case, the Court does not find exceptional circumstances that

8    warrant the appointment of counsel.  Plaintiff has not submitted an amended

9    complaint that complies with the Federal Rules of Civil Procedure.  Thus, the

10   Court has not been able to screen any of Plaintiff's claims to determine a

11   preliminary likelihood of success on the merits.  Additionally, Plaintiff's

12   assertions that various legal claims are too complex for him are premature

13   given that they may not survive screening.  The Court denies the motion for

14   appointment of counsel without prejudice.

15   **II.    CONCLUSION**

16        It is therefore ordered that the Court construes the motions for relief from

17   court's order (ECF No. 10) and the motion to screen (ECF No. 11) as motions for

18   reconsideration.  The Court denies the motions for reconsideration (ECF Nos. 10,

19   11).

20        It is further ordered that the motion for appointment of counsel (ECF No.

21   12) is denied without prejudice.

22   ///

23

24   ///

25

26   ///

27

28   ///

1       It is further ordered that Plaintiff will file an amended complaint that complies with the Federal Rules of Civil Procedure on or before May 15, 2023. If Plaintiff chooses not to file an amended complaint, the Court will dismiss this case without prejudice.

DATED THIS 14th day of April 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE