UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANTE H. PATTISON,<br><br>                      Plaintiff,<br>     v.<br><br>SHERIFF JOE LOMBARDO, et al.,<br><br>                      Defendants. | Case No. 3:22-cv-00537-ART-CSD<br><br>ORDER |

Plaintiff Dante H. Pattison brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated. On February 3, 2023, this Court dismissed Plaintiff's complaint in its entirety and ordered Plaintiff to file an amended complaint by March 5, 2023. (ECF No. 6). In that order, the Court explained that Plaintiff's 63-page long complaint with 200 pages of exhibits, 50 defendants, and 8 claims ranging from misconduct from 2015 through the present did not comply with the Federal Rules of Civil Procedure ("FRCP") and District of Nevada General Order 2021-05. (*Id.* at 3-5). In response, Plaintiff sought an extension of time to file an amended complaint and also filed motions to stand on his original complaint and have the Court screen his original complaint. (ECF Nos. 8, 11, 14). The Court eventually granted Plaintiff until May 15, 2023, to file an amended complaint. (ECF No. 13).

Plaintiff filed several more motions and eventually filed a notice of appeal with the U.S. Court of Appeals for the Ninth Circuit. (ECF No. 22). In August 2023, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (ECF No. 26). After denying Plaintiff's miscellaneous motions on September 12, 2023, the Court granted Plaintiff one final opportunity until October 13, 2023, to file an amended complaint that complied with the FRCP and General Order 2021-05. (ECF No. 30). In response, Plaintiff appealed again, and the Ninth Circuit dismissed in part and denied in part the appeal on December 15, 2023. (ECF Nos. 31, 39). Instead of filing an amended complaint, Plaintiff filed more

miscellaneous filings such as notices of exhaustion and his last will and testament. (ECF Nos. 40-43, 45).

In September 2023, the Court warned Plaintiff that the action could be dismissed if he failed to file an amended complaint by October 13, 2023. (ECF No. 30 at 3). After that deadline expired and the Ninth Circuit dismissed in part and denied in part his appeal, Plaintiff did not file an amended complaint, move for an extension, or otherwise attempt to file an amended complaint.

**I.    DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the

occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Plaintiff files an amended complaint, the only alternative is to enter a fifth order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. To illustrate, this Court has spent almost a year trying to get Plaintiff to comply with the Court's orders and file an amended complaint.  There is no hint that Plaintiff needs additional time or evidence that he did not receive the Court's orders.  Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

**II.  CONCLUSION**

Having thoroughly considered these dismissal factors, the Court finds that

they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's February 3, 2023; February 7, 2023; April 14, 2023; and September 12, 2023, orders. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint that complies with the FRCP and General Order 2021-05 in a new case.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 27) without having to prepay the full filing fee is **granted**. Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Dante H. Pattison, #88986** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

///
///
///
///
///
///

It is further ordered that, even though this action is dismissed and is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

Dated this 22nd day of January 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE