UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANTE H. PATTISON,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>SHERIFF JOE LOMBARDO, *et al.*,<br>　　　　　　　　　　Defendants. | Case No.  3:22-cv-00537-ART-CSD<br><br>ORDER on PLAINTIFF'S MOTIONS<br>TO REOPEN CASE (ECF Nos. 57, 60) |

## I. **SUMMARY**

In December 2022, Plaintiff Dante H. Pattison, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), initiated this lawsuit by submitting a complaint under 42 U.S.C. § 1983 and filing an application to proceed in forma pauperis. (ECF Nos. 1, 1-2).

On February 3, 2023, this Court dismissed Plaintiff's complaint in its entirety and ordered Plaintiff to file an amended complaint by March 5, 2023. (ECF No. 6). In that order, the Court explained that Plaintiff's 63-page long complaint with 200 pages of exhibits, 50 defendants, and 8 claims ranging from misconduct from 2015 through the present did not comply with the Federal Rules of Civil Procedure ("FRCP") and District of Nevada General Order 2021-05. (*Id.* at 3-5). In response, Plaintiff sought an extension of time to file an amended complaint and also filed motions to stand on his original complaint and have the Court screen his original complaint. (ECF Nos. 8, 11, 14). The Court eventually granted Plaintiff until May 15, 2023, to file an amended complaint. (ECF No. 13).

Plaintiff filed several more motions and eventually filed a notice of appeal with the U.S. Court of Appeals for the Ninth Circuit. (ECF No. 22). In August 2023, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (ECF No. 26). After denying Plaintiff's miscellaneous motions on September 12, 2023,

the Court granted Plaintiff one final opportunity until October 13, 2023, to file an amended complaint that complied with the FRCP and General Order 2021-05. (ECF No. 30). In response, Plaintiff appealed again, and the Ninth Circuit dismissed in part and denied in part the appeal on December 15, 2023. (ECF Nos. 31, 39). Instead of filing an amended complaint, Plaintiff filed more miscellaneous filings such as notices of exhaustion and his last will and testament. (ECF Nos. 40-43, 45).

As a result, on January 22, 2024, the Court dismissed without prejudice Plaintiff's action based on his failure to file an amended complaint in compliance with the Court's February 3, 2023; February 7, 2023; April 14, 2023; and September 12, 2023, orders. (ECF No. 46). Judgment was entered on January 23, 2024, and Plaintiff immediately filed notice of appeal. (EF Nos. 47, 48).

Plaintiff then filed his initial motion to reopen the case on February 12, 2025, 373 days after judgment had been entered. (ECF No. 57). His second motion to reopen the case was filed on June 27, 2025, four days after the Ninth Circuit Court of Appeals **affirmed** this Court's order dismissing the complaint without prejudice. (ECF Nos. 60, 59). Plaintiff now moves the Court to reopen this action and consolidate it with another action (Case No. 3:25-cv-0002-MMD-CLB) that Plaintiff has filed in this district.

Plaintiff misreads the Ninth Circuit's order when he argues that the Ninth Circuit found non-frivolous issues exist "in this case[.]" (ECF No. 60 at 1). Instead, the Ninth Circuit found that the appeal involved non-frivolous issues. (ECF No. 59 at 1.) The Ninth Circuit then found that the questions raised in Plaintiff's appeal were "so insubstantial" that they did not merit argument. (*Id.*) Regardless, Plaintiff argues that this action should be reopened based on excusable neglect, because prison officials were persecuting Plaintiff including manufacturing evidence to have him placed in solitary confinement, Plaintiff was

2

not in his right mind, and Plaintiff does not understand pleading standards. (ECF Nos. 57 at 1, 60 at 1-2).

## II.  DISCUSSION

Plaintiff in essence is asking this Court to set aside its judgment dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 60(b)(1). This rule provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court interpreted "neglect" to encompass "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. In assessing whether a set-side is justified by a party's excusable neglect, courts apply a four-part test: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395.

### A.  Prejudice to the Defendant

To be prejudicial, the "standard is whether [Defendants'] ability to pursue [their defenses] will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), overruled on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). The loss of a quick victory does not constitute prejudice. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

This factor weighs in favor of denying Plaintiff's motion to reopen. In the two-and-one-half years since the Court initially ordered Plaintiff to file an amended complaint, defendants have remained unserved and have been unable to conduct discovery resulting in the potential loss of evidence.

### B.   Length of the Delay

Next, the Court considers whether Plaintiff's neglect caused significant delay and its impact on the proceedings. *Pioneer*, 507 U.S. at 395. Rather than file an amended complaint, Plaintiff filed two interlocutory appeals. Further, when the Court issued a final judgment dismissing Plaintiff's complaint without prejudice, rather than file a complaint in a new action, Plaintiff filed an appeal that the Court of Appeals found so insubstantial that it affirmed the judgment without hearing argument. These actions have caused a thirty (30) month delay in the proceedings. As such, the Court finds that this factor weighs in favor of denying Plaintiff's motion to reopen.

### C.   Reason for the Delay

When assessing the reason for the delay, the Supreme Court interprets Congress's intent as permitting courts "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388. Delays in filing resulting from "negligence and carelessness," not "deviousness or willfulness," may be considered excusable neglect. *Bateman*, 231 F.3d at 1225.

Instead of filing an amended complaint within thirty days as initially ordered by the Court, Plaintiff contended with the reasoning of the Court and filed motions to have the Court screen the initial complaint. Despite the Court granting Plaintiff an extension of time to file an amended complaint, Plaintiff then filed a notice of appeal which was eventually dismissed for lack of jurisdiction. The Court then granted Plaintiff another extension of time to file an

1 amended complaint. Despite having his previous interlocutory appeal denied for lack of jurisdiction, Plaintiff then filed a new appeal. When the Ninth Circuit dismissed the appeal in part and denied the appeal in part, the Court granted Plaintiff another extension of time during which he failed to file an amended complaint. During the periods of extension, Plaintiff filed numerous motions in this action and pursued administrative grievances with the NDOC. While Plaintiff has argued that he was being persecuted and disciplined with the intent to interfere with his ability to prosecute this action, his continual filings demonstrate that he maintained the ability to access the court and to produce motions based on the FRCP.

The Court finds that Plaintiff has not demonstrated excusable neglect. Instead, Plaintiff has made tactical or calculated decisions to not file an amended complaint that would conform to General Order 2021-05 and the FRCP. Plaintiff has produced no evidence that his failure to file an amended complaint was the result of inadvertence, mistake, or carelessness. Despite Plaintiff's claims that prison officials were interfering with his ability to litigate, he managed to file at least sixteen motions directly related to this action, three appeals, and many supplements, addendums, and bundles of exhibits. As a result, the Court finds that intervening circumstances beyond Plaintiff's control did not prevent him from filing an amended complaint. As such, the Court finds that the delay is attributable to Plaintiff. This factor weighs in favor of denying Plaintiff's motion to reopen.

### D. Bad Faith

For the last factor, the Court examines whether Plaintiff acted in bad faith when he failed to respond to the Court's orders and meet its deadlines. While the Court cannot say he acted in bad faith, the Court is also not persuaded that Plaintiff acted in good faith when he failed to meet the Court's deadlines. As

explained above, Plaintiff was provided with instructions on filing an amended complaint, he was given multiple extensions of time to do so, and instead chose not to file an amended complaint.

After considering all four *Pioneer* factors, the Court finds that the factors weigh against setting aside judgment. The Court denies Plaintiff's motions to reopen the case.

### III. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's motions to reopen the case (ECF Nos. 57, 60) are denied.

It is further ordered that no other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint that complies with the FRCP and General Order 2021-05 in a new case.

DATED: September 5, 2025

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE